**[FILED UNDER SEAL]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **VIRGINIA INNOVATION SCIENCES, INC.,**<br><br>　　Plaintiff,<br><br>v.<br><br>**VECTOR SECURITY, INC.,**<br><br>　　Defendant. | **CASE NO. 4:18-cv-00477-ALM**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**MOTION OF DEFENDANT VECTOR SECURITY, INC. TO TRANSFER VENUE TO THE EASTERN DISTRICT OF VIRGINIA PURSUANT TO 28 U.S.C. §1404(a)**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS............................................................................................................... 2

    I.    VIS RESIDES IN ALEXANDRIA & HAS NO CONNECTION TO THIS COURT............................................................................................................ 2

    II.    THE ALEXANDRIA COURT HAS ALREADY INVESTED MANY RESOURCES. ................................................................................................ 3

    III.    THE ALEXANDRIA COURT IS UNIQUELY POSITIONED TO ADJUDICATE. .................................................................................................. 4

    IV.    VECTOR HAS COMPARATIVELY LITTLE PRESENCE IN THIS DISTRICT. ..................................................................................................... 4

ARGUMENT ................................................................................................................................... 5

    V.    VIS COULD HAVE BROUGHT ITS CASE AGAINST VECTOR IN VIRGINIA. .......................................................................................................... 6

    VI.    THIS CASE BELONGS IN ALEXANDRIA, VIRGINIA. .................................. 6

        A.    The Private Interest Factors Favor Transfer............................................... 6

            1.    VIS's Documents are in the Eastern District of Virginia.............. 7

            2.    Compulsory Process Can Secure Witness Attendance. ................ 7

            3.    The Convenience to Potential Witnesses Favors Transfer............ 8

            4.    Judicial Economy and the Interests of Justice Favor Transfer.... 10

        B.    The Public Interest Factors Also Favor Transfer. ................................... 13

            1.    Transfer Would Not Create Administrative Difficulties............. 13

            2.    The Eastern District of Virginia Has a Far Greater Interest in Adjudicating This Case Than the Eastern District of Texas. ...... 13

            3.    The Remaining Factors Are Neutral. .......................................... 14

CONCLUSION ............................................................................................................................. 15

CERTIFICATE OF FILING MOTION TO SEAL...................................................................... 16

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affinity Labs of Tex. v. Samsung Elecs. Co.*,
    968 F. Supp. 2d 852 (E.D. Tex. 2013) .................................................................................14

*Auto. Body Parts Ass'n v. Ford Global Techs., LLC*,
    No. 4:13-cv-705-ALM, 2015 WL 123852 (E.D. Tex. Jan. 7, 2015) ...................................5, 7

*In re Eli Lilly and Co.*,
    541 Fed. App'x 993 (Fed. Cir. 2013) ...................................................................................11

*In re EMC Corp.*,
    501 Fed. App'x 973 (Fed. Cir. 2013) ...................................................................................12

*Empty Barge Lines II v. Dredge Leonard Fisher*,
    441 F. Supp. 2d 786 (E.D. Tex. 2006) .................................................................................12

*Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*,
    No. 2:15-cv-01702-RWS-RSP, 2017 WL 1109865 (E.D. Tex. Mar. 24, 2017) .......................6

*Groupchatter, LLC v. Landis + Gyr Techs., LLC*,
    No. 6:15-cv-886-JRG-JDL (E.D. Tex. Feb. 11, 2016) ..........................................................12

*Invitrogen Corp. v. Gen. Elec. Co.*,
    No. 6:08-CV-112, 2009 WL 331891 (E.D. Tex. Feb. 9, 2009) ............................................10

*Kinetic Concepts, Inc. v. Medela AG*,
    No. 2:07-CV-187, 2008 WL 112120 (E.D. Tex. Jan. 9, 2008) ............................................11

*Kroy IP Holdings, LLC v. Starbucks Corp.*,
    No. 2:13-cv-936-JRG, 2014 WL 5343168 (E.D. Tex. Sept. 30, 2014) ................................12

*Lifestyle Sols., Inc. v. Abbyson Living LLC*,
    No. 2:16-cv-01290-JRG-RSP, 2017 WL 5257006 (E.D. Tex. Nov. 10, 2017) ................5, 10

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) .............................................................................................5

*Samsung Elecs. Co. v. Rambus Inc.*,
    386 F. Supp. 2d 708 (E.D. Va. 2005) ..................................................................................13

*Singh v. Reno*,
    113 F.3d 1512 (9th Cir. 1997) ...............................................................................................8

*Sony Corp. v. LG Elecs., Inc.*,
   No. 11-01235-RGK, slip op. (C.D. Cal. June 13, 2011) ........................................................13

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................................13

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) ...............................................................................................7

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. 6:09-cv-448- JDL, 2010 WL 2771842 (E.D. Tex. Jul. 13, 2010) ...................................14

*Va. Innovation Sciences, Inc. v. Amazon.com, Inc.*,
   227 F. Supp. 3d 582 (E.D. Va. 2017) ................................................................................3, 11

*Va. Innovation Sciences, Inc. v. Amazon.com, Inc.*,
   No. 1:16-cv-00861, 2017 WL 3599642 (E.D. Va. Aug. 18, 2017) ....................................3, 11

*Va. Innovation Sciences, Inc. v. HTC Corp.*,
   718 Fed. App'x 988 (Fed. Cir. 2018) ......................................................................................3

*Va. Innovation Sciences, Inc. v. Samsung Elecs. Co.*,
   928 F. Supp. 2d 863 (E.D. Va. 2013) ..........................................................................2, 3, 14

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) .............................................................................................10

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ...............................................................................................7, 8

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (*en banc*) ..............................................................................6, 7

**Statutes**

28 U.S.C. § 1404(a) ..............................................................................................1, 2, 5, 8

35 U.S.C. § 101 .................................................................................................................3, 11

35 U.S.C. § 285 ..........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) ...............................................................................................7, 8

Fed. R. Civ. 45(c)(1)(B)(ii) ....................................................................................................7

Pursuant to 28 U.S.C. § 1404(a), Defendant Vector Security, Inc. ("Vector") respectfully moves to transfer to the U.S. District Court for the Eastern District of Virginia, Alexandria Division (the "Alexandria Court"), with a request that the case be assigned to Judge O'Grady, who is presiding over cases involving VIS and Related Patents.

## INTRODUCTION

Vector's personnel in Fairfax, Virginia are responsible for ████████████████ ████████████████████████████, including those with interactive services Plaintiff ("VIS") has accused of infringing Pat. No. 9,912,983 ("'983 patent"). Both (i) Vector's Fairfax office and (ii) VIS itself are very conveniently located to the Alexandria Court.

VIS previously admitted the Alexandria Court is the most convenient venue for VIS's witnesses. Prior to July 2018, VIS sued several companies for alleged infringement, and brought all such suits in the Alexandria Court. These suits involved patents to which the asserted '983 patent claims priority. In particular, the Alexandria Court studied, construed, and ruled upon related Pat. Nos. 7,899,492, 8,050,711, and 8,135,398 (collectively, the "Related Patents").

VIS lost, appealed, or dismissed each prior case involving the Related Patents. The Alexandria Court issued a claim construction order, decided motions to dismiss and for summary judgment, and invalidated numerous VIS patents, including two Related Patents. Claims and motions involving Related Patents remain pending while the Federal Circuit reviews additional Alexandria Court decisions (having already confirmed one).

Shortly after the Federal Circuit confirmed the Alexandria Court's decision invalidating two Related Patents, VIS sued each of Vector, Amazon, Honeywell, and HTC in this Court. Two other defendants have already moved to transfer to the Alexandria Court, while the third's response to VIS's complaint is not due until December. VIS's decision to file its July 2018 suits in this Court, including against Vector (whose website denotes extensive contacts within the

**VECTOR'S MOTION TO TRANSFER VENUE [FILED UNDER SEAL] – PAGE 1**

Alexandria Court), is a quintessential example of forum shopping. By subjecting Vector to litigation here, where its contacts are comparatively minimal, VIS seeks to avoid prior decisions about both VIS and its Related Patents by Alexandria Court.

Conversely, neither party has significant connection to this District. The existence of other suits by VIS in this Court does not change the analysis. VIS could have sued all current defendants in the Alexandria Court. This case should therefore be transferred, with a request to assign it to the same judge presiding over VIS's earlier cases presently on appeal from the Alexandria Court.

## STATEMENT OF FACTS

### I. VIS RESIDES IN ALEXANDRIA & HAS NO CONNECTION TO THIS COURT.

VIS is a Virginia corporation, with its principal place of business in Alexandria, Virginia. (Dkt. No. 1 ¶ 2.) VIS/predecessors have had a place of business in or near Alexandria since 2005. *Id.*; *Va. Innovation Sciences, Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 869 (E.D. Va. 2013); *See* Ex. C, Ware Decl., Ex. 1 (VIS Resp. to Samsung's Mot. to Transfer ("VIS Opp.") at 1-2 n. 1; *id.*, Ex. 2, ¶ 7 (A. Wang Decl.). Ms. Tiehong Wang (a.k.a. Ann Wang) is VIS's CEO, president, treasurer, sole owner, and registered agent, and operates VIS from her home in Alexandria. *Va. Innovation Sciences*, 928 F. Supp. 2d at 869-70; *See* Ex. C, Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 8:9-22, 32:20-35:18; *id.*, Ex. 4 (VIS Corp. Filing). Conversely, VIS has not identified any connection it has to the Eastern District of Texas, and Vector is not aware of any.

Until July 2018, VIS and its affiliate filed all of their patent lawsuits *exclusively* in the Alexandria Court. Ex. 10-12, at ¶ 6. VIS previously argued in favor of the convenience of the Alexandria Court. *See Va. Innovation Sciences*, 928 F. Supp. 2d at 869-70; *See* Ex. C, Ware Decl., Ex. 1 (VIS Opp). In opposing a defendant's motion to transfer, VIS argued the Alexandria Court "[bore] a significant connection" to the case because VIS had been there since 2005 and allegedly

developed the purported inventions therein. *Id.* at p. 5. Ann Wang and her alleged co-inventors Tiejun Wang, Ning Wang, and Ximing Wang all testified that travel to Alexandria, Virginia was much more convenient for them than travel to New Jersey, because in Alexandria they could stay and work out of VIS's office space. *Id.*, Exs. 2, 5-9 (Decls. ISO VIS Opp.). The Alexandria Court accepted VIS's arguments. *Va. Innovation Sciences*, 928 F. Supp. 2d at 873.

## II. THE ALEXANDRIA COURT HAS ALREADY INVESTED MANY RESOURCES.

VIS asserted the Related Patents in the Alexandria Court. *See* Ex. C, Ware Decl., Ex. 10. ¶¶ 13, 20, 24, 28. The '983 patent claims priority as a continuation-in-part to each of the Related Patents. *See* Dkt. 1-1 ('938 Patent at 1:1-49.) The Alexandria Court dismissed all claims involving VIS's related '492 and '711 patents under 35 U.S.C. § 101. *Va. Innovation Sciences, Inc. v. Amazon.com, Inc.*, 227 F. Supp. 3d 582, 604-605 (E.D. Va. 2017).

After evaluating VIS's related '398 patent, the Alexandria Court issued a *Markman* order construing five terms thereof. *Va. Innovation Sciences, Inc. v. Amazon.com, Inc.*, No. 1:16-cv-00861, 2017 WL 3599642 (E.D. Va. Aug. 18, 2017). The intrinsic evidence examined included much of the same specification and twenty figures within the related '398 patent that VIS re-used in the asserted '983 patent. The Alexandria Court subsequently heard and granted Amazon's dispositive motions for summary judgment of non-infringement on VIS's related '398 patent, disposing of VIS's remaining claims. *See* Ex. C, Ware Decl. Ex. 18. Amazon then filed a motion to recover its attorneys' fees under 35 U.S.C. § 285. *Id.*, Ex. 13.

VIS appealed the Alexandria Court's rulings, and shortly before this suit was filed, the Federal Circuit affirmed the Alexandria Court's order invalidating VIS's related '492 and '711 patents. *See Va. Innovation Sciences, Inc. v. HTC Corp.*, 718 Fed. App'x 988 (Fed. Cir. 2018). VIS's appeals for the related '398 patent remain pending. The Alexandria Court deferred ruling

on Amazon's motion to recover its attorneys' fees until after appeal. *See* Ex. C, Ware Decl. Ex. 20.

### III. THE ALEXANDRIA COURT IS UNIQUELY POSITIONED TO ADJUDICATE.

VIS asserts only the '983 patent against Vector, which was filed in 2017 as a continuation-in-part of all three of the Related Patents VIS previously asserted in the Alexandria Court discussed above. Each of the Related Patents, like the asserted '983 patent, lists Tiejung Wang and Tiehong "Ann" Wang—both of Alexandria, Virginia as of the 2017 filing date of the '983 patent—as alleged inventors, and the Related Patents share substantial portions of their specifications and figures with the asserted '983 patent. *See* Ex. C, Ware Decl. ¶ 24; Ex. 21, 22.

VIS has concurrently filed suits in this Court against Amazon.com, Inc., Honeywell International, Inc., and HTC Corp. (Case Nos. 4:18cv474, -475, & -476, respectively.), Similar to its complaint against Vector, VIS has alleged all four defendants infringe based, in part, on alleged "collective conduct" involving certain Amazon technology, such as the "Echo Dot" or "Alexa application." Dkt. 1 at ¶¶ 16, 38 (Vector); Ex. C, Ware Decl. Ex. 25, ¶¶ 37-38 (Honeywell); Ex. C, Ware Decl. Ex. 24, ¶¶ 24-26, 47, 51-52, 54 (HTC).

### IV. VECTOR HAS COMPARATIVELY LITTLE PRESENCE IN THIS DISTRICT.

VIS's venue allegations are that Vector "has committed acts of infringement in this District and has a regular and established place of business" in Lufkin. (Dkt. No. 1 ¶ 6.) Vector's Lufkin branch office ███████████████████████████████████████████████████████████████████████████████████████████████████████. (Declaration of John F. Madden ("Madden Decl.") ¶¶ 13, 16.)

Vector is unaware of any unique, potentially relevant witnesses, information, or documents in either its Lufkin or Nederland, Texas offices. (*Id.* ¶¶ 24-26.) Conversely, Vector has four ████████████ office locations in the Eastern District of Virginia, each of which is

<u>VECTOR'S MOTION TO TRANSFER VENUE [FILED UNDER SEAL] – PAGE 4</u>

██████████████████████████████████████████████████, and Vector employs ██████ persons in those locations that provide support to ████████ Vector's ██████████████ customer base. (*Id.* ¶¶ 9-12, 14, 15.)

For example, the Vector employees in its Fairfax, Virginia office are located less than 20 miles from the Alexandria Court, and include those (*e.g.*, Mr. Madden) with specialized and unique knowledge about Vector's ████████████████████████████████████████ ████████████████████████████████████████████████████████████. (*Id.* ¶¶ 4-7, 14, 17, 22, 27.) All other Vector personnel having such unique knowledge of potentially-relevant subjects are located in Vector's Warrendale, Pennsylvania headquarters. (Madden Decl., ¶¶ 18, 19, 21, 22.)

## ARGUMENT

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any judicial district where it could have been brought originally for the "convenience of parties and witnesses" and "in the interest of justice." The threshold inquiry in a transfer analysis is "'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'" *Auto. Body Parts Ass'n v. Ford Global Techs., LLC*, No. 4:13-cv-705-ALM, 2015 WL 123852, at *1 (E.D. Tex. Jan. 7, 2015) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). Once that threshold inquiry is met, the determination of convenience turns on several public and private interest factors, no one of which is dispositive. *Id.* at *3-4.

"The Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties." *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). "The 'consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Lifestyle Sols., Inc. v. Abbyson Living*

*LLC*, No. 2:16-cv-01290-JRG-RSP, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017) (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

Judicial economy concerns dictate transfer. Here, the Alexandria Court already analyzed the Related Patents and accused Amazon products/services. VIS filed suit in this Court, contrary to its longstanding practice of filing in the Alexandria Court, because it lost in that prior court and some of those losses have already been confirmed on appeal. VIS's choice of this venue carries no weight, particularly because this dispute has no relevant connection to this forum. *See Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*, No. 2:15-cv-01702-RWS-RSP, 2017 WL 1109865, at *2-3 (E.D. Tex. Mar. 24, 2017) (transferring case where plaintiff had no connection to forum and witnesses and evidence were located elsewhere). Conversely, as evidenced by the past suits filed by VIS and Mr. Madden's declaration, this case has a distinct and obvious connection to the Alexandria Court and the Court should transfer this action.

## V. VIS COULD HAVE BROUGHT ITS CASE AGAINST VECTOR IN VIRGINIA.

As Vector's website makes abundantly clear, Vector has multiple office locations in the Eastern District of Virginia. (Madden Decl., ¶¶ 8, 9, 11.) VIS could have brought this case there.

## VI. THIS CASE BELONGS IN ALEXANDRIA, VIRGINIA.

The Court must consider the convenience of the parties and witnesses, as well as the interests of justice, by balancing relevant private and public interest factors. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). Here, both favor transfer of this case to the Eastern District of Virginia.

### A. The Private Interest Factors Favor Transfer.

The relevant private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the

cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. Each supports transfer.

### 1. VIS's Documents are in the Eastern District of Virginia.

"[T]his factor remains relevant despite technological advances having made electronic document production commonplace." *Auto. Body Parts Ass'n*, 2015 WL 123852, at *4 (citation omitted). VIS is located five miles from the Alexandria Division's courthouse. Ex. C, Ware Decl., Ex. 29 (Map). VIS maintains "the vast majority of all corporate records" at Ann Wang's home in Virginia, making the Alexandria Court a convenient venue. *Id.*, Ex. 2 (A. Wang Decl.) ¶¶ 3, 7, 15; *id.*, Ex. 3 (A. Wang Dep. Tr.) at 32:20-34:18. Vector maintains its potentially relevant ████████████████████████ outside of this District, in Fairfax, Virginia and Warrendale, Pennsylvania (*see* Madden Decl., ¶¶ 17-19, 24-26). The burden to transport physical documents and/or samples is lesser for the Alexandria Court, while the burden to transmit Vector's electronic documents to either forum is about the same. (*Id.*, ¶ 27). This factor favors transfer.

### 2. Compulsory Process Can Secure Witness Attendance.

The court cannot compel non-party witnesses to travel more than 100 miles to provide testimony. Fed. R. Civ. P. 45(c)(1)(A). The lack of availability of compulsory process to secure the attendance of any non-party witnesses in this District favors transfer. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340-41 (Fed. Cir. 2014) (transfer to district where witnesses were subject to subpoena); *Volkswagen II*, 545 F.3d at 316 (transfer to venue with absolute subpoena power).

Non-party witnesses W. Halal and C. Tobin live and work in the Washington, D.C. area and are within the subpoena power of the Alexandria Court. Fed. R. Civ. 45(c)(1)(B)(ii); Ex. C, Ware Decl., Ex. 1 (VIS Opp.) at 3. Halal is an alleged inventor for certain of the Related Patents and works and lives in Washington, D.C. Ex. C, Ware Decl., Ex. 8 (W. Halal Decl.); Ex. 30 (W.

Halal Profile); Ex. 31 (W. Halal Dep. Tr.) at 6:11-16.) Mr. Tobin prosecuted the Related Patents and works in Washington D.C. *Id.*, Ex. 9 (C. Tobin Decl.); Ex. 32 (C. Tobin Profile). Both are likely to provide relevant testimony for claim construction and the priority date(s) for claims in the asserted '983 patent, because it claims priority to and shares portions of its specification with the Related Patents.

Tiejun Wang is another non-party witness within the subpoena power of the Alexandria Court. *See* Fed. R. Civ. P. 45(c)(1)(A). He is a non-employee "consultant" to VIS. Ex. C, Ware Decl., Ex. 33 (T. Wang Dep. Tr.) at 80:9-18; *id.*, Ex. 3 (A. Wang Dep. Tr.) at 22:17-19.) The asserted '983 patent names him as an inventor and resident of Alexandria. (Dkt. Nos. 1-1, 1-2, 1-3.) Although Mr. Wang has alternatively claimed he resides in China, he testified that (i) he is a permanent resident of the United States; (ii) he must visit the country at least every six months; and (iii) he stays with Ann Wang in Alexandria, Virginia when he visits the U.S. Ex. C, Ware Decl., Ex. 6 (T. Wang Decl.) ¶¶ 3-7.; s*ee also Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (to maintain permanent resident status a person must be returning to an "unrelinquished lawful permanent residence" after a "temporary visit abroad.") (citation omitted).

Vector knows of no relevant witnesses who live in this District. This factor favors transfer.

### 3. The Convenience to Potential Witnesses Favors Transfer.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Most of VIS's witnesses are within only a few miles of the Alexandria Court, and have already testified it is a convenient forum. For example, Ann Wang, an alleged inventor on the asserted '983 patent and the Related Patents, operates VIS as its sole employee out of her home within Alexandria. Ex. C, Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 8:9-22, 32:20-35:18. She previously

testified that travelling to Norfolk, Virginia was more convenient than travelling to Newark, New Jersey "because Norfolk is closer and travelling [to Norfolk] does not involve crossing multiple state lines." Ex. C, Ware Decl., Ex. 2 (A. Wang Decl.) ¶ 14. Ms. Wang would need to travel about 1,300 miles to attend trial in Sherman or Plano, *i.e.*, multiples of the distance she previously testified was inconvenient. *Id.*, Ex. 22 (Map). Also, should William Halal testify at trial, he too would need to travel about 1,300 miles from his home in Washington, D.C. (a few miles away from the Alexandria Court) to testify in Texas. (*Id.*)

Moreover, in a case VIS filed in the Alexandria Court in 2016, VIS identified alleged inventor Tiejun Wang as a trial witness. Ex. C, Ware, Decl., Ex. 35 § I; *id.*, Ex. 36. Mr. Wang previously testified that "[t]he Eastern District of Virginia is a more convenient venue for [him]" because when in the U.S., he "stay[s] with [his] sister at her [Alexandria, Virginia] residence." Ex. C, Ware Decl., Ex. 6 (T. Wang Decl.) ¶ 12. In fact, when Mr. Wang traveled from China to be deposed in the 2016-filed case in the Alexandria Court, he made himself available for deposition in *Washington, D.C.* rather than California, even though doing so added several hours to his flight travel from China. *Id.*, Ex. 36. Similarly, Ximing Wang, an alleged co-inventor of the related '398 patent, has also testified that travel to Alexandria, Virginia was convenient for him because he could stay with Ann Wang there. *Id.*, Ex. 7 (X. Wang Decl.) ¶ 9.

In contrast, Vector's likely witnesses knowledgeable of ███████████ ███████████ are located in two locations: Fairfax, Virginia where Vector's Authorized Dealer Division is based, and Warrendale, Pennsylvania at Vector's headquarters. Madden Decl., ¶¶ 6, 10, 14, 17, 21, 25. Vector and its authorized dealers regularly meet to conduct business ███████████████████████████████ ███████. Madden Decl., ¶¶ 20, 27. In addition to meetings at Vector's Warrendale headquarters (outside of Pittsburgh, Pennsylvania, about 1200 miles from this Court and only

**VECTOR'S MOTION TO TRANSFER VENUE [FILED UNDER SEAL] – PAGE 9**

about 300 miles from the Alexandria Court), Vector's senior management also regularly travels to, and meets with, other senior Vector management in both Vector's Fairfax and Gainesville, Virginia offices █████████████████████████. Madden Decl., ¶¶ 22. Both of these offices are located within the Eastern District of Virginia and under 40 miles from the Alexandria Court. *Id.*, ¶¶ 11, 12, 27, 28.

Conversely, in over twenty years that Mr. Madden has worked for Vector in the Northern Virginia area, the last seventeen of which in a senior management role, he has never traveled to, █████████████████████████████████████████████ either of its small branch offices that are within the Eastern District of Texas. Madden Decl., ¶¶ 3, 23. ███████████████████████████████████████████████████████████████████████. *Id.*, ¶¶ 13, 16. Vector knows of no fact witnesses in this District. *Id.*, ¶¶ 24-26. Accordingly, this factor also weighs in favor of transfer.

    **4.  Judicial Economy and the Interests of Justice Favor Transfer.**

"This factor concerns judicial economy, including duplicative suits involving the same or similar issues that may create practical difficulties." *Lifestyle Sols.*, 2017 WL 5257006, at *4. "[J]udicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Here, judicial economy will be significantly aided and achieved by transferring the case against Vector to the Alexandria Court because the case involves similar Amazon technology and a patent related to the three Related Patents already extensively reviewed and analyzed by Judge O'Grady of the Alexandria Court. *See Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-CV-112, 2009 WL 331891, at *4–5 (E.D. Tex. Feb. 9, 2009) (transfer is "most appropriate" when one court has extensive familiarity with the technology or the legal issues and has construed the claims.).

The asserted '983 patent Vector is directly related as an alleged continuation-in-part of the three Related Patents previously analyzed and presently on appeal to the Federal Circuit from the Alexandria Court. The asserted '983 patent shares parts of its specification and several figures with each of the three Related Patents the Alexandria Court has already analyzed in depth. Compare, *e.g.*, Dkt. No. 1-1 (asserted '983 patent) at Figs. 9-15 with Ex. C, Ware Decl. Ex. 21 (related '492 patent) at Figs. 1-7, and Dkt. No. 1-1 at Figs. 1-20 with Ex. C, Ware Decl. Ex. 22 (related '398 patent) at Figs. 1-20. In construing the related '398 patent, the Alexandria Court relied on the teachings of the specification, and the Alexandria Court's claim construction rulings for that related patent proved to be case dispositive. *Va. Innovation Sciences*, 2017 WL 3599642, at *4-13; Ex. C, Ware Decl., Ex. 18 (MSJ Order) at 4-8. Similarly, when invalidating VIS's related '492 and '711 patents, the Alexandria Court also found there was no meaningful description for the supposed inventive contributions that would render them patent eligible under 35 U.S.C. §101. *See Va. Innovation Sciences*, 227 F. Supp. 3d at 596 and 599-602 (*e.g.*, analyzing Figure 2 and the corresponding description in VIS's related '492 patent—a figure and description VIS re-used with updated numbering as Figure 10 in the asserted '983 patent (*compare id.* at 600 with Dkt. 1-1 at Fig. 10 and the corresponding description at Col. 18:4-9, Col. 17:26-29, and Col. 17:39-52)).

This Court and others have consistently transferred cases to other courts that substantively handled earlier lawsuits involving the patentee and related patents. *See, e.g.*, *Kinetic Concepts, Inc. v. Medela AG*, No. 2:07-CV-187, 2008 WL 112120, at *1–2 (E.D. Tex. Jan. 9, 2008) (transferring case to court where the judge "ha[d] substantial experience with these parties, and [] invested time and effort in learning the technology at issue in the case"); *In re Eli Lilly and Co.*, 541 Fed. App'x 993, 994 (Fed. Cir. 2013) (transferring case to court that had "already conducted discovery, claim construction, and ruled on motions for summary judgment involving

the same family of patents"). Judicial economy will be significantly aided and achieved by transferring this case to the Alexandria Court.

VIS's filing of three other lawsuits in this Court at the same time as this one does not change the judicial efficiency analysis. *See In re EMC Corp.*, 501 Fed. App'x 973, 976 (Fed. Cir. 2013) ("a district court may properly consider any judicial economy benefits which would have been apparent *at the time the suit was filed*") (emphasis added); *Kroy IP Holdings, LLC v. Starbucks Corp.*, No. 2:13-cv-936-JRG, 2014 WL 5343168, at *4 (E.D. Tex. Sept. 30, 2014) ("Standing alone, the presence of separately filed cases cannot justify venue in this district, or defeat an otherwise compelling case for transfer.").

This is especially true here because (i) defendants in two of the three other VIS cases pending in this Court have also moved to transfer to the Alexandria Court; (ii) the third defendant (HTC) has not responded to VIS's complaint; (iii) all of the cases here involve the asserted '983 patent; and (iv) VIS's "joint infringement" and other infringement allegations against Vector, as well as allegations against the other defendants, are based on alleged combinations of certain products or services with Amazon technology already at issue in the Alexandria Court. *See Groupchatter, LLC v. Landis + Gyr Techs., LLC*, No. 6:15-cv-886-JRG-JDL, 2016 WL 541516, at *5 (E.D. Tex. Feb. 11, 2016) (finding "the benefits for judicial economy were minimal" where plaintiff filed three other lawsuits in this District involving the same patents because only one of those cases was pending "at the time the instant action was filed").

Moreover, each of Amazon, HTC, and Honeywell are incorporated and headquartered outside this District. Amazon and HTC have both already been sued by VIS in the Alexandria Court, and Honeywell has an office in the Eastern District of Virginia. Ex. C, Ware Decl. Exs. 10, 11, 12, 24, 28.) VIS certainly *could* have filed all of four July 2018 lawsuits in the Alexandria Court, and this Court may accordingly (and should) transfer all four of the cases there. *See Empty*

...

*Barge Lines II v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*.").

Just as important, VIS's forum shopping is an affront to the "factors of systemic integrity and fairness" courts must consider when deciding whether to transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). "Systemic integrity . . . take[s] account of a party's attempt to game the federal courts . . . [and] circumvent[ion] [of] the force and effect of adverse rulings in prior litigation." *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). The Eastern District of Virginia was VIS's exclusive forum, one it even fought to remain within and testified was the most convenient forum for VIS and its witnesses—something that only changed after VIS lost important, substantive rulings there, some of which were since affirmed on appeal, and it was facing a very serious attorneys' fee motion. VIS's attempt to assert the related '983 patent in a different district lays its gamesmanship bare. *See Sony Corp. v. LG Elecs., Inc.*, No. 11-01235-RGK (FMOx), slip op. at 2-3 (C.D. Cal. June 13, 2011) (rejecting forum shopping).

### B. The Public Interest Factors Also Favor Transfer.

Two public interest factors favor transfer, while the last two are neutral.

#### 1. Transfer Would Not Create Administrative Difficulties.

"Generally, this factor weighs in favor of the venue with the faster time to trial . . . ." *Id.* The median time to trial for civil cases in the Eastern District of Virginia is 12.8 months compared to 19.2 months in this district. Ex. C, Ware Decl., Ex. 37 (Time to Trial).

#### 2. The Eastern District of Virginia Has a Far Greater Interest in Adjudicating This Case Than the Eastern District of Texas.

The Alexandria Court has a local interest both because VIS is located there, and Vector conducts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ business there. (Dkt. No. 1 ¶ 2; Madden Decl., ¶¶ 4, 6, 10-12,

14, 15, 20, 22.); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 2771842, at *8 (E.D. Tex. Jul. 13, 2010) (district where a party has principal place of business has a local interest).

VIS itself has contended "Virginia has an absolute interest in protecting the intellectual property rights of its residents." Ex. C, Ware Decl., Ex. 1 (VIS Opp.) at 14; *see also Va. Innovation Sciences*, 928 F. Supp. 2d at 873 ("jurors in Virginia have [an] interest in a case involving technologies developed in Virginia by a Virginia company"); *accord Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013).

Three of Vector's offices in the Eastern District of Virginia (Fairfax, Richmond, and Virginia Beach) collectively support ▮▮▮▮▮. Madden Decl., ¶¶ 11, 15. Vector ▮▮▮▮▮ in the Eastern District of Virginia, including citizens of Virginia who pay taxes there, as compared to ▮▮ employees within this District. *Id.,* ¶¶ 12, 13. By contrast, this District has no such local interest. VIS alleges only the presence of the small Lufkin branch office, which, along with the other small branch Vector office in this District, ▮▮▮▮▮. Dkt. No. 1 ¶ XX; Madden Decl., ¶¶ 13, 16.

Finally, as described above, the Alexandria Court has already invested substantial efforts into learning about VIS, the Related Patents, and Amazon's accused technology. *See U.S. Ethernet Innovations*, 2010 WL 2771842, at *7 (public interest factors include prior choice of forum and investment of judicial resources). Accordingly, this factor strongly favors transfer.

### 3. The Remaining Factors Are Neutral.

Both this Court and the Alexandria Court are familiar with laws governing patent cases and are capable of adjudicating the issues. Moreover, this case presently implicates no conflicts of law. The final two public interest factors are therefore neutral at this time.

## CONCLUSION

For the foregoing reasons, Vector requests that the Court grant its motion, and order this case transferred to the Alexandria Division of the U.S. District Court for the Eastern District of Virginia, along with a recommendation that it be assigned to Judge Liam O'Grady, who has been presiding over cases involving the Related Patents and accused Amazon technology.

Dated: November 15, 2018                     Respectfully submitted,

**FISH & RICHARDSON P.C.**

By:  */s/Bret T. Winterle*
     Neil J. McNabnay
     Texas Bar No. 24002583
     njm@fr.com
     Bret T. Winterle
     Texas Bar No. 24084249
     winterle@fr.com
     Michael A. Vincent
     Texas Bar No. 24105738
     vincent@fr.com
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT VECTOR SECURITY, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with L.R. 7(h) regarding this motion. On October 15 and 16, 2018, counsel for Defendant explained its position regarding the motion to transfer and the basis for its requested transfer in telephonic conversations with Robert Kiddie, of the Devlin Law Firm LLC, who held himself out as the counsel for Plaintiff. On October 16, Mr. Kiddie responded that Plaintiff opposed the motion to transfer.

*/s/ Bret T. Winterle*
Bret T. Winterle

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 15, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Bret T. Winterle*
Bret T. Winterle

## CERTIFICATE OF FILING MOTION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(B), I hereby certify that a separate Motion to Seal this Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) has already been filed with the Court.

*/s/ Bret T. Winterle*
Bret T. Winterle